UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
JOHNSTOWN DIVISION

| | |
|---|---|
| Dawn Rebo,<br><br>    Plaintiff.<br><br>v.<br><br>Medicredit, Inc.,<br><br>    Defendant. | Case No. 3:13-cv-201<br><br>COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF<br><br>JURY DEMAND ENDORSED HEREIN |

## PARTIES

1. Plaintiff is a natural person who resided in Philipsburg, PA at all times relevant to this action.

2. Defendant is a Missouri corporation that maintained its principal place of business in St. Louis, MO at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

5. At all times relevant to this action, Defendant engaged in the business of consumer debt collection.

6. Defendant regularly uses the telephone and mail to collect consumer debts that Defendant either purchased or had been hired to collect.

7. The principal source of Defendant's revenue is debt collection.

8. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

9. As described below, Defendant contacted Plaintiff about an obligation that Plaintiff allegedly owed to Nittany Medical Service, which had been incurred for personal rather than commercial purposes.

10. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

11. As described below, Defendant attempted to collect the debt from Plaintiff, and in so doing, has alleged that Plaintiff owed the debt.

12. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

13. On or around February 24, 2012, Plaintiff retained an attorney to file bankruptcy.

14. On or around November 28, 2012, Defendant telephoned Plaintiff in connection with the collection of the debt.

15. During this communication, Plaintiff notified Defendant that Plaintiff was represented by a bankruptcy attorney, provided Plaintiff's attorney's contact information, and requested that calls to Plaintiff cease.

16. Despite this notice, Defendant telephoned Plaintiff in connection with the collection of the debt on or around December 4, December 6, December 6, December 12, December 17, 2012 and January 14, January 17, January 23, January 30 and February 1, 2013.

17. During several of these communications, including on or around December 17, 2012, Plaintiff again notified Defendant that that Plaintiff was represented by a bankruptcy attorney, provided Plaintiff's attorney's contact information, and requested that calls to Plaintiff cease.

18. Several of the above telephone calls by Defendant were placed at a time known to be inconvenient for Plaintiff, after 9:00 PM in Plaintiff's time zone, including telephone calls on December 4, 2012, and January 14, 2013.

19. Defendant caused Plaintiff emotional distress.

20. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

21. Defendant violated 15 U.S.C. §1692c(a)(1) by calling Plaintiff at a time or place known to be inconvenient for Plaintiff.

22. In support hereof, Plaintiff incorporates paragraphs 18 as if specifically stated herein.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

23. Defendant violated 15 U.S.C. §1692c(a)(2) by communicating with Plaintiff notwithstanding knowledge that Plaintiff was represented by an attorney with respect to the debt.

24. In support hereof, Plaintiff incorporates paragraphs 13-18 as if specifically stated herein.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

25. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

26. In support hereof, Plaintiff incorporates paragraphs 13-18 as if specifically stated herein.

## JURY DEMAND

27. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

28. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Jacoby & Meyers Bankruptcy, LLP

By: */s/ Irene Costello*
Irene Costello
535 Smithfield Street, Suite 628
Pittsburgh, PA 15222
Tel: 1.866.339.1156
Fax: 1.312.822.1064
ICostello@jacobymeyersbankruptcy.com
*Attorney for Plaintiff*